IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORTLAND LOVE, | ) | Case No. 4:07 CV 0299 |
| | ) | Case No. 4:05 CR 0412 |
| Petitioner, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO,J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.§ 2255 (ECF # 119). Petitioner alleges ineffective assistance of counsel that resulted in his failure to receive a downward departure that would have reduced his sentence. For the following reasons, the Court denies Petitioner's Motion.

## **FACTS**

On November 16, 2005, in accordance with a revised written plea agreement, Cortland Love entered a guilty plea before U.S. District Court Judge John R. Adams to Count 1 of the indictment, which charged the crime of Conspiracy to Distribute and to Possess with the Intent to Distribute Cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C).

The parties' written agreement contemplated an advisory United States Sentencing computation of:

1

>Base Offense Level (5-15 kilos) 32
>Safety Valve - 2
>Acceptance of Responsibility - 3
>Offense Level 27
>Criminal History Category I
>Advisory Imprisonment Range 70 - 87 months.

In addition, the government stated orally on the record that it intended to move for at least a two level substantial assistance departure, which if accepted by the Court, would further reduce the defendant's imprisonment range to 57 - 71 months.

On November 29, 2005, Judge Adams issued an order of recusal, and the case was re-assigned to this Court for all future proceedings.

On January 26, 2006, a revised pre-sentence report (PSR) was filed.  It unexpectedly computed Love's criminal history at more than one criminal history point (thus a Criminal History Category II), due to convictions from offenses in 1995 and 1997, and his sentencing guideline range at 97 - 121 months. Petitioner's counsel filed objections to the criminal history computation.

On January 29, 2006, Petitioner filed a Motion to Withdraw his Guilty Plea, ostensibly on grounds of dissatisfaction with the PSR computation.

On February 6, 2006, the scheduled sentencing date, the Court denied Petitioner's Motion to Withdraw his Plea, and proceeded to sentencing. After hearing from a witness who extolled Love's personal and employment development over the past several years, and the arguments of defense and government counsel, the Court ultimately sentenced Love to 41 months incarceration, three years of supervised release, and a $100 special assessment.  Love did not appeal his sentence; however, on February 2, 2007, he filed the within motion to vacate his conviction/sentence

pursuant to 28 U.S.C. § 2255.

## STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯ claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003) quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

Petitioner contends he was denied effective assistance of counsel when defense counsel made false promises to petitioner prior to entering his plea and subsequently entered an unknowing and involuntary plea.  Petitioner also contends his Sixth Amendment right to counsel was denied at sentencing when counsel failed to argue for a reduction of sentence based upon substantial post-offense rehabilitation.

Because the competence of counsel is presumed, it is Petitioner's burden to prove counsel's representation was unreasonable. Ineffective counsel claims are governed by the *Strickland v. Washington*, 466 U.S. 668 (1984)standard, in which  the United States Supreme Court enunciated a standard consisting of two prongs. First, a defendant must show that counsel's performance fell below an objective standard of reasonableness; and second, that counsel's errors were so serious as to deprive the defendant of a fair trial or result. Id. at 687 (quoted in *Lockart v. Fretwell*, 113 S. Ct. 838,

3

842 (1993); accord *United States v. Cox*, 826 F.2d 1518, 1525 (6th Cir. 1987). As to the first prong, *Strickland* teaches that scrutiny of counsel's performance must be "highly deferential." A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. There is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Strickland* at 689; *Catches v. United States*, 582 F.2d 453 (8th Cir. 1978) (presumption that counsel has rendered effective assistance). Therefore, the petitioner bears the heavy burden of proving that his counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not a considered strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

Even if a defendant is able to overcome the presumption of adequate assistance, relief need not necessarily follow under *Strickland*. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691, 104 S. Ct. at 2067. In order to be entitled to relief, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors the result of the proceeding would have been different." Id. At 694, 104 S.Ct. at 2068.  The Government contends, and this Court agrees, the evidence and record of the underlying proceedings is entirely to the contrary. Moreover, Love does not demonstrate that those proceedings were fundamentally unfair, or a reasonable probability that his sentence would have been different had there been a formal motion for a downward departure for "post-offense

4

rehabilitation."

When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact-finder would have had a reasonable doubt respecting guilt. *Strickland* at 695. In a sentencing context, a defendant must show a reasonable probability that, but for counsel's errors, his sentence would have been different. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Here, the defendant fails to demonstrate either prong of *Strickland*. Petitioner presents no "objective evidence" in support.

The Petitioner has offered no proof beyond mere allegations that his counsel's performance was deficient.  The Government contends the facts, as pled in the Plea Agreement, support the evidence that Love received a fair sentence, with competent assistance and advocacy of counsel as required by the Sixth Amendment.   First, the written plea agreement clearly set out the scope of the parties' agreement as to the basic United States Sentencing Guidelines (U.S.S.G.) computation. Second, during the plea colloquy, the matter of sentencing - including the parameters of the government's recommendation for substantial assistance - was extensively discussed with Love. Petitioner  fully acknowledged the imprisonment range, did not question it in any regard, and represented to the Court that he had fully discussed all matters dealing with the plea with his attorneys and was satisfied with their efforts and counsel.

As is shown in greater detail hereafter, trial counsel did not promise a "no more than 36 month sentence."  Further, as Respondent's response states,  no specific sentence was promised to Petitioner by counsel. Moreover, Love's "post-offense rehabilitation" was a focal point of the sentencing hearing - duly considered, but

5

ultimately rejected by the Court. During the hearing, the Court fully explored the U.S.S.G. calculations and material in the Pre-Sentence Report (PSR) and considered the § 3553 sentencing factors.  Upon due consideration of the PSR, law, and parties' arguments, the Court granted the defense objection to Petitioner's Criminal History Category - thereby concluding Love was properly a Category I rather than Category II. After the government moved for a 3 level reduction in Offense Level to reflect Love's substantial assistance to the government, the Court further found Petitioner qualified for a 2 level reduction under the "safety valve" provisions of the Sentencing Guidelines.

As the record clearly shows, the Court also considered Petitioner's "post-offense rehabilitation" after defense counsel eloquently detailed the rehabilitative efforts Petitioner made after voluntarily withdrawing from the cocaine conspiracy.   Upon further consideration of the § 3553 factors, the Court declined to reduce Love's sentence on the basis that it was unfair that he be sentenced to a significant term of imprisonment now, after having rejected a life of crime and becoming a productive citizen on his own. However, the Court did reduce Love's Offense Level an additional 2 levels to reflect his lesser role in the overall drug conspiracy, thus reducing the imprisonment range to 41 - 51 months, and  then imposed a sentence of 41 months.

Finally, Petitioner entered into a plea agreement which contained certain agreements as to the sentencing calculation and likely sentencing range.  In consideration of certain government concessions, Petitioner agreed not to appeal any sentence except if greater than "the maximum of the sentencing range determined under the advisory sentencing guidelines as contemplated in this plea agreement." Judge Adams comprehensively discussed the sentencing ramifications of the plea

6

agreement and of pleading guilty.  The Court also addressed the waiver provisions in the plea agreement. As the Government points out, Love is simply expressing dissatisfaction with the sentence on the basis of his "post offense rehabilitation." The waiver  is valid. While the waiver here does not bar claims respecting ineffective assistance of counsel, the defendant cannot simply assert all dissatisfaction with a sentence under the guise of ineffective assistance of counsel - especially, as here, where the sentence was substantially below what was anticipated in the plea agreement.  The Government correctly points out, If waivers are to have any meaning, they should be enforced.

Therefore, for the foregoing reasons, the Court finds Petitioner has failed to demonstrate his counsel's representation was objectively unreasonable and prejudiced Petitioner.  Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

7

    To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

    Since this Court has determined the claims made by Petitioner in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing of the denial of constitutional right. Therefore, the Court will not issue a certificate of appealability.

    IT IS SO ORDERED.

    s/Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    United States District Judge

Date: February 13, 2008